**FILED**
**CLERK**

8/14/2019 3:46 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────X
LINDA KOSO,

                Plaintiff,

  -against-

ST. JOSEPH'S SENIOR HOUSING VILLAGE,
(Angela), and STANAN MANAGEMENT,

                Defendants.
─────────────────────────────────X

**MEMORANDUM AND ORDER**
18-CV-0290 (JMA) (AYS)

**AZRACK, United States District Judge:**

    Pro se plaintiff Linda Koso ("Plaintiff") commenced this action against St. Joseph's Senior Housing Village (Angela) ("St. Joseph's"), and Stanan Management ("Stanan," together with St. Joseph's, the "Defendants"), alleging that she was subject to housing discrimination. Defendants have moved to dismiss. (See ECF Nos. 47–52.) For the reasons stated below, the Court grants the Defendants' motions and dismisses Plaintiff's Amended Complaint in its entirety. However, Plaintiff is granted leave to file a second amended complaint consistent with this Order within thirty (30) days.

## I. BACKGROUND

    Plaintiff filed a form complaint for violation of civil rights on January 8, 2018, alleging that she was subject to housing discrimination when she was denied a housing unit at St. Joseph's. (ECF No. 1, the "Initial Complaint".) After Defendants served their motions to dismiss, Plaintiff filed an amended complaint, dated January 7, 2019. (ECF No. 41, the "Amended Complaint".) The Amended Complaint makes the same general assertions as the Initial Complaint, namely that Plaintiff was "denied apartments based on physical disability, age [sic] contributing to the lack of financial stability and good credit." (Id. at 4.) Plaintiff did not otherwise respond to the motions

to dismiss. Defendants filed their unopposed motions to dismiss on ECF, in accordance with the Court-ordered briefing schedule, on February 20, 2019. (ECF Nos. 47–52.)

Defendants requested that the unopposed motions be construed as motions to dismiss the Amended Complaint, asserting that the Amended Complaint was substantially the same as the Initial Complaint and similarly deficient. (See ECF Nos. 42, 46.) By Court Order dated June 5, 2019, the Court notified the parties of its intention to construe the motions as motions to dismiss the Amended Complaint and provided Plaintiff with an opportunity to file an opposition by June 28, 2019. (Electronic Order, June 5, 2019.) To date, Plaintiff has not filed any opposition papers or otherwise communicated with the Court. Accordingly, the Court construes Defendants' motions, (ECF Nos. 47, 51), as motions to dismiss the Amended Complaint.

## II. DISCUSSION

### A. Standard of Review

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual

allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

**B. Plaintiff Has Failed to State a Claim**

Plaintiff's form complaints labeled this action as a civil rights action brought pursuant to 42 U.S.C. § 1983. (See Initial Complaint; Amended Complaint.) However, Plaintiff has not adequately pled state action. See Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257–58 (2d Cir. 2008) (outlining the three tests for determining whether the actions of a private entity are attributable to the state). Thus, Plaintiff cannot maintain a claim against Defendants under § 1983.

Considering Plaintiff's pro se status, the Court instead interprets the Amended Complaint as an attempt to assert a claim under the Fair Housing Act, 42 U.S.C. § 3601 et. seq. (the "FHA").[1] The FHA prohibits housing discrimination based upon seven protected classes: race, color, religion, sex, handicap, familial status, or national origin. See 42 U.S.C. § 3604. However, the Amended Complaint fails to "allege facts that support a plausible claim that the plaintiff was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation.'" Palmer v. Fannie Mae, 755 F. App'x 43, 44 (2d Cir. 2018) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).[2]

---

[1] The Amended Complaint completely replaced the Initial Complaint. See Elliott v. City of Hartford, 649 F. App'x 31, 32 (2d Cir. 2016) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (internal citations and quotations omitted). Thus, the Court only considers the facts and claims asserted in the Amended Complaint.

[2] The burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) applies to claims of discrimination under the FHA. See Boykin v. KeyCorp, 521 F.3d 202, 212–13 (2d Cir. 2008). Under this framework, a plaintiff must first set forth a prima facie case of discrimination. However, to defeat a motion to dismiss, a plaintiff need not allege facts sufficient to establish a prima facie case, she "need only give plausible support to a minimal inference of discriminatory motivation." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015); see also Palmer, 755 F. App'x 43 (applying the relaxed Vega/Littlejohn pleading standard to FHA claims).

As an initial matter, the Amended Complaint fails to plausibly allege that Plaintiff is a member of a protected class. Plaintiff asserts that she was denied housing due to some unspecified physical disability, her age, and her financial status/credit score. (See Amended Complaint.) Within the FHA framework, the only potential protected class to which Plaintiff belongs is "handicap," which is defined as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Plaintiff's bare statement that she has an unspecified physical disability is simply not sufficient to survive a motion to dismiss, even under the liberal standards afforded to pro se litigants.

Moreover, even if Plaintiff's unspecified disability qualified as a "handicap" under the FHA, the Amended Complaint includes only bare and conclusory allegations that Plaintiff was denied housing because of this handicap. The Amended Complaint states that Plaintiff "was declined and denied apartments based on physical disability, age [sic] contributing to lack of financial stability and good credit."[3] (Amended Complaint, at 4.) Plaintiff fails to offer any facts to support these conclusory allegations. See Iqbal, 556 U.S. at 681 (noting that "conclusory" allegations are "not entitled to be assumed true"). Standing alone, that Plaintiff has a handicap and was denied an apartment is not sufficient to support any interference that Defendants' acted with discriminatory motivation in declining to rent her an apartment.

## C. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo

---

[3] In other sections in the Amended Complaint, Plaintiff repeats the same conclusory contention using different verbiage. She states that her "physical disability, financial status, age, caus[ed] St. Joseph Senior Housing (angela) to decline apart[ment] to [her] due to financial income and credit;" and that Defendants promised her three different apartments, but "then declined based on [her] age, financial history and disability." (Amended Complaint, at 4–5.)

4

v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "a district court may deny [a pro se plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted). Here, Plaintiff filed an Amended Complaint upon receipt of Defendants' motions to dismiss identifying the infirmities in her Initial Complaint. As outlined supra, the Amended Complaint still fails to plausibly allege any claims for relief. However, given Plaintiff's pro se status, and out of an abundance of caution, the Court grants her one additional chance to amend her complaint to plausibly allege a claim under the FHA.[4]

### III. CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss are granted and Plaintiff's Amended Complaint is dismissed in its entirety. However, Plaintiff is granted leave to file a second amended complaint in compliance with Federal Rule of Civil Procedure 8. The second amended complaint shall be clearly labeled "Second Amended Complaint," shall bear the same docket number as this Order, 18-CV-0290, and must be filed within thirty (30) days of this Order. Because a second amended complaint completely replaces both the prior complaints, Plaintiff shall include all claims she seeks to pursue in this case. Plaintiff is cautioned that a failure to timely file a second amended complaint in accordance with this Order will lead to the dismissal of this action with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

---

[4] As the Court grants Plaintiff an opportunity to file a second amended complaint, the Court declines to address the validity of any potential state-law claims at this juncture. If Plaintiff fails to file a second amended complaint, or files a second amended complaint that does not raise any plausible federal claims, the Court will, at that time, decline to exercise supplemental jurisdiction over any state-law claims.

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff.

**SO ORDERED.**

Dated: August 14, 2019
Central Islip, New York

                 /s/ (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE